UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIG ROCK ASSETS MANAGEMENT, LLC,<br><br>    Plaintiff<br><br>v.<br><br>MTC FINANCIAL INC. and BANK OF AMERICA, N.A.,<br><br>    Defendants | Case No.: 2:22-cv-01212-APG-NJK<br><br>**Order Granting Motion for Temporary Restraining Order and Setting Preliminary Injunction Hearing**<br><br>[ECF No. 3] |

Plaintiff Big Rock Assets Management, LLC filed suit in state court to enjoin the foreclosure sale of its property located at 230 E. Flamingo Road, Unit 422 in Las Vegas. ECF No. 1-1.  The state court set a hearing on Big Rock's motion for temporary restraining order for today, July 28, 2022, at 10:30 a.m. ECF No. 3-1 at 1.  Last night at 6:27 p.m., defendant Bank of America, N.A. removed the action to this court. ECF No. 1.  Big Rock filed an emergency motion for a temporary restraining order in this court because the sale of the property is set for tomorrow, July 29, 2022, at 9:00 a.m. ECF No. 1-1 at 58.

To qualify for a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Big Rock has shown serious questions going to the merits and a likelihood of irreparable harm because if the sale goes forward, it will lose its rights in real property. *See Dixon v Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (stating that "real property and its attributes are considered unique," so "loss of real property rights generally results in irreparable harm"). The balance of hardships tips sharply in its favor because it faces imminent loss of real property rights, while Bank of America has already waited well over a decade to foreclose.

The public interest also favors an injunction because Big Rock should not be deprived of the opportunity to have its injunction motion heard on the merits through the procedural mechanism of removal. The state court set this matter for a hearing to be held this morning. Even though Bank of America knew about the state court hearing for over a week, it waited until last night to remove the action to this court. *See* ECF No. 1-2. That left about 38 hours before the foreclosure sale for Big Rock to file an emergency motion, for Bank of America to respond, and for this court to rule. Because the factors favor a temporary restraining order, I grant Big Rock's motion to enjoin the sale currently set for July 29, 2022.

I THEREFORE ORDER that plaintiff Big Rock Assets Management, LLC's motion for temporary restraining order **(ECF No. 3) is GRANTED**. **Defendant Bank of America, N.A. and its agents are hereby temporarily RESTRAINED from conducting a foreclosure sale on the property located at 230 E. Flamingo Road, Unit 422, Las Vegas, NV 89109 until further order of the court.**

I FURTHER ORDER that I will hold a hearing to determine whether to convert the temporary restraining order into a preliminary injunction on **August 4, 2022, at 1:30 p.m.** in Las Vegas courtroom 6C.

I FURTHER ORDER that the defendants may file a response to the motion for preliminary injunction by August 2, 2022.

I FURTHER ORDER that plaintiff Big Rock Assets Management, LLC shall immediately post a bond of $500 as security for the temporary restraining order, as required by Federal Rule of Civil Procedure 65(c). The defendants may file a properly supported motion to increase that bond if grounds exist to do so.

DATED this 28th day of July, 2022 at 3:12 p.m.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE