UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIG ROCK ASSETS MANAGEMENT, LLC,<br><br>         Plaintiff<br><br>v.<br><br>MTC FINANCIAL INC. and BANK OF AMERICA, N.A.,<br><br>         Defendants | Case No.: 2:22-cv-01212-APG-NJK<br><br>**Order Granting Motion to Dismiss**<br><br>[ECF No. 25] |

  Plaintiff Big Rock Assets Management, LLC filed this quiet title action in state court to enjoin the foreclosure sale of its property located at 230 E. Flamingo Road, Unit 422 in Las Vegas. ECF No. 1-1. At the time this case was filed, defendant Bank of America, N.A. was the beneficiary under the deed of trust that encumbers the property. I previously granted a temporary restraining order enjoining a foreclosure sale under the deed of trust, but then declined to convert the restraining order into a preliminary injunction and granted Bank of America's motion to expunge the lis pendens. ECF Nos. 7; 14; 17.  After I lifted the injunction, the property was sold on credit bid to the Federal National Mortgage Association (Fannie Mae), who owned the loan, and Bank of America assigned the deed of trust to Fannie Mae. ECF Nos. 25-27; 25-28. Bank of America is Fannie Mae's servicer.

  Bank of America now moves to dismiss the complaint with prejudice.  Bank of America contends this case is claim precluded because the parties or their privies already litigated whether the deed of trust encumbers the property.  Bank of America also argues that Big Rock's "show me the note" arguments have been rejected and, at any rate, Bank of America produced the note in prior litigation and the March 2022 notice of default attached an affidavit attesting to Bank of

America possessing the note. Finally, Bank of America contends that the deed of trust was not extinguished by operation of Nevada Revised Statutes (NRS) § 106.240 for multiple reasons, including that the 2009 notice of default was rescinded.

Big Rock responds that Bank of America's interpretation of NRS § 106.240 should be rejected because it would allow lenders to continuously evade § 106.240's ten-year time period by continuously recording notices of default and subsequent rescissions. Big Rock contends claim preclusion does not apply because the March 2022 notice of default did not exist when the parties litigated the prior state court lawsuit. Finally, Big Rock argues, without elaboration, that because I previously ruled that Big Rock had shown serious questions going to the merits, Bank of America's other arguments are "not binding nor conclusive as to require this Court to dismiss the complaint at the infant stages of litigation." ECF No. 30 at 2.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant Bank of America's motion to dismiss because the complaint does not plausibly allege the deed of trust was extinguished by operation of § 106.240 or that Bank of America (or Fannie Mae) does not possess the note. I dismiss with prejudice because amendment would be futile.

**I. ANALYSIS**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Big Rock's complaint asserts claims for quiet title and declaratory relief. ECF No. 1-1. Big Rock's claims are based on its allegations that the deed of trust was extinguished by operation of NRS § 106.240 and that Bank of America lacks authority to foreclose on the property because it does not possess the note. *Id.*

**A. NRS § 106.240**

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

Here, the 2009 notice of default was rescinded in 2011 and again in 2018. ECF Nos. 25-5; 25-6; 25-7. The Supreme Court of Nevada and this court have repeatedly held that a recorded rescission of a notice of default stops the clock under NRS § 106.240. *See, e.g.*, *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 466 P.3d 939, 2020 WL 3604042, at *1 (Nev. 2020); *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, No. 2:22-cv-00373-APG-NJK, 2022 WL 2068203, at *3 (D. Nev. June 8, 2022). To the extent Big Rock is arguing that an unrecorded notice accelerated the debt in 2009, the Ninth Circuit has held that an unrecorded notice of acceleration does not start the clock for purposes of NRS § 106.240. *See Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*,

No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).  The March 2022 notice of default's reference to the February 2009 default date does not retroactively accelerate the debt as of February 2009.  Finally, nothing in § 106.240 precludes multiple notices of default and rescissions.  I therefore dismiss this allegation with prejudice because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### B.  Possession of the Note

Big Rock alleges that it is unclear whether Bank of America possesses the note because the affidavit of authority attached to the March 2022 notice of default is ambiguous.  However, the affidavit identifies Bank of America as the beneficiary of record and the holder of the note, and it identifies defendant MTC Financial Inc. as the trustee. ECF No. 25-4 at 5.  Consequently, the statement in the affidavit that the beneficiary, the beneficiary's successor in interest, or the trustee has actual or constructive possession of the note is not ambiguous.  Big Rock's unsupported speculation that Bank of America may not possess the note does not plausibly state a claim.

I deny leave to amend because amendment would be futile.  Big Rock does not identify any additional facts it would allege to plausibly state a claim.  I do not consider Bank of America's interrogatory responses from the prior state court litigation to resolve Bank of America's motion to dismiss, but I can consider that evidence in determining whether amendment would be futile.  That evidence shows that Bank of America produced the note in prior litigation involving Big Rock's predecessor and there is no evidence that the note has

changed hands in the meantime. ECF No. 25-16 at 10.  Big Rock therefore cannot plausibly allege that Fannie Mae or its servicer, Bank of America, do not possess the note, so amendment would be futile.

## II.  CONCLUSION

I THEREFORE ORDER that defendant Bank of America, N.A.'s motion to dismiss **(ECF No. 25) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendant Bank of America, N.A. and against plaintiff Big Rock Assets Management, LLC, and to close this case.[1]

DATED this 7th day of March, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant MTC Financial Inc. filed a declaration of non-monetary status to which no one objected. ECF No. 10.  Big Rock therefore asserts no claim against MTC. See NRS § 107.029.